IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURAPIA INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SOD AND SEED INC., et al.,<br><br>        Defendants. | Case No. 24-cv-05200-CRB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

    Plaintiff Kurapia Inc. sued Defendants Sod and Seed Inc. and George Bravos for trademark infringement. When Defendants failed to respond to Kurapia's complaint, Kurapia moved for the entry of default against them. The Clerk of Court entered default on October 9, 2024. Entry of Default (dkt. 10). Kurapia moved for default judgment against Defendants two days later. Application for Default Judgment (dkt. 11).

    On October 31, 2024, Defendants—without opposing Kurapia's motion for default judgment—moved to set aside the entry of default against them. Sod and Seed Mot. to Set Aside Entry of Default (dkt. 17); Bravos Mot. to Set Aside Entry of Default (dkt. 18). Nearly two weeks later, and well past the deadline to respond to the application for default judgment, Defendants finally filed their opposition. Default Judgment Opp. (dkt. 20).

    Kurapia, for its part, failed to timely oppose Defendants' motions to set aside the entry of default. So the Court ordered Kurapia to show cause why the Court should not grant Defendants' motion and deny Kurapia's own motion for default judgment. OSC (dkt. 22). Kurapia then filed its response to Defendants' motions and a reply brief in support of its motion for default judgment. Opps. to Bravos Mot. (dkt. 24); Opp. to Sod and Seed Mot. (dkt. 25); Reply (dkt. 26).

## I. DEFENDANTS' MOTIONS TO SET ASIDE ENTRY OF DEFAULT

The Court finds good cause to set aside entry of default and so **GRANTS** Defendants' motions. Fed. R. Civ. P. 55(c). In evaluating whether there is good cause, the Court considers three factors: "'(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; [and] (3) whether reopening the default judgment would prejudice' the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted) (cleaned up). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

**Culpable Conduct.** Kurapia contends that Defendants' failure to answer or to appear in this action was willful and that they failed to act promptly to remedy the default. Opps. to Bravos Mot. at 4–5; Opp. to Sod and Seed Mot. at 4–5. They highlight that Defendants participated in a meet-and-confer conference but never stipulated to extend the time to respond to the Complaint. Id. Defendants, however, assert that they were under the impression that the parties had agreed to extend the deadline to respond to the Complaint, and they highlight that they worked toward a settlement after becoming aware of the Complaint. Bravos Mot. to Set Aside at 5; Sod and Seed Mot. to Set Aside at 5.

The Court need not wade into the correspondence between the parties to assess whether their apparent misunderstanding puts one side or the other more at fault. That is because the appropriate standard is whether the party against whom default was entered "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Signed Personal Check No. 730, 615 F.3d at 1092. "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable." Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 388, 394–95 (1993)). Kurapia does not bring forward evidence of this degree of bad faith on Defendants' part, so Defendants' conduct does not justify denying their motion to set aside the entry of default.

1  **Meritorious Defense.**  Kurapia argues that neither Sod and Seed nor Bravos has a
2  meritorious defense.  "But the burden on a party seeking to vacate a default judgment is
3  not extraordinarily heavy."  Signed Personal Check No. 730, 615 F.3d at 1094.
4  Defendants need only "allege sufficient facts that, if true, would constitute a defense."  Id.
5  They have met this low bar.

6  Bravos states that he will defend against Kurapia's claims on the grounds that
7  Kurapia has not alleged that he is individually responsible for any trademark violation,
8  statutory violation, or other tortious conduct.  See Bravos Proposed MTD (dkt. 18-2) at 4–
9  7.  The parties dispute whether the corporate form of Sod and Seed can be pierced, with
10 Kurapia pointing out that the Franchise Tax Board had suspended Sod and Seed's
11 corporate status from November 2021 to September 2024.  Opp. to Bravos Mot. at 6–7.
12 But it is not clear from the briefs alone whether this suspension terminated Sod and Seed's
13 corporate rights, powers, and privileges.  See Cal. Corps. Code § 2205.5 (administrative
14 dissolution).  This question will be better resolved on full merits briefing on a motion to
15 dismiss.  See Signed Personal Check No. 730, 615 F.3d at 1094 ("that question 'would be
16 the subject of the later litigation'" (citation omitted)).

17 Sod and Seed, meanwhile, intends to file an answer in which it denies many of
18 Kurapia's allegations, including key allegations of trademark infringement.  See Sod and
19 Seed Proposed Ans. (dkt. 17-2) ¶¶ 24, 29–30 (denying that Sod and Seed used the website
20 www.KurapiaDelivery.com to market and sell groundcover plants).  Kurapia dismisses
21 these and Sod and Seed's other allegations as "conclusory," and to be sure, the answer is
22 chock-full of allegations and affirmative defenses that would not pass muster under
23 Federal Rule of Civil Procedure 12(f).  See Hartford Underwriters Ins. Co. v. Kraus USA,
24 Inc., 313 F.R.D. 572, 574–75 (N.D. Cal. 2016) (applying to affirmative defenses the
25 pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and
26 Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  But Sod and Seed's specific denials of allegations
27 that go to the heart of Kurapia's case are sufficient to carry the light burden to set aside an
28 entry of default.  See Signed Personal Check No. 730, 615 F.3d at 1094.

**Prejudice.** Kurapia argues that it will be prejudiced if the Court sets aside the entry of default because Kurapia will "endure additional costs" and continued litigation will "delay [its] right to justice." Opp. to Bravos Mot. at 5; Opp. to Sod and Seed Mot. at 5. But to be prejudicial, "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." Signed Personal Check No. 730, 615 F.3d at 1095. Rather, Kurapia's "ability to pursue [its] claim [must] be hindered." Falk, 739 F.2d at 463. Kurapia does not explain how this could be so, and the Court finds that Kurapia will not be prejudiced if the Court sets aside the entry of default.

## II. KURAPIA'S MOTION TO ENTER DEFAULT JUDGMENT

The Ninth Circuit has instructed that "judgment by default is a drastic step appropriate only in extreme circumstances" and that "a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. Given that the Court has found good cause to set aside the entry of default against Defendants, the Court concludes that this case does not present the kind of circumstances that would warrant default judgment and **DENIES** Kurapia's application for default judgment.

## III. CONCLUSION

Defendants' motions to set aside the entry of default are hereby **GRANTED**. Kurapia's application for default judgment is hereby **DENIED**. Defendants have ten days from the filing of this order to file responsive pleadings or motions to the Complaint.[1]

**IT IS SO ORDERED.**

Dated: November 26, 2024

CHARLES R. BREYER
United States District Judge

---

[1] Both parties are also reminded of the importance of abiding by deadlines provided by the Federal Rules of Civil Procedure, the Local Civil Rules, and the Court's orders. Failure to meet deadlines going forward may result in the Court striking the parties' submissions.