IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURAPIA INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SOD AND SEED INC., et al.,<br><br>    Defendants. | Case No. 24-cv-05200-CRB<br><br>**ORDER GRANTING DEFENDANT GEORGE BRAVOS'S MOTION TO DISMISS** |

Kurapia Inc. sues Sod and Seed Inc. and George Bravos, alleging that they infringed on its KURAPIA trademark. Bravos, Sod and Seed's CEO, moves to dismiss Kurapia's suit against him. He argues that Kurapia failed to allege that he personally infringed on Kurapia's trademark and that Kurapia has not alleged facts sufficient to impute Sod and Seed's liability onto him.

The Court finds this matter suitable for resolution without oral argument pursuant to Local Civil Rule 7-1(b), vacates the hearing set for January 17, 2025, and grants Bravos's motion to dismiss with leave to amend.

## I. BACKGROUND

Kurapia is a corporation that sells drought-tolerant groundcover plants. Compl. (dkt. 1) ¶¶ 2, 12. Kurapia was founded in 2013, and the KURAPIA trademark was licensed in 2014. Id. ¶¶ 13, 17. In 2021, Defendants started to create social media pages using the KURAPIA mark, such as a "Kurapia Lawn Care" page on Facebook. Id. ¶ 19. Defendants also created a website, www.KurapiaDelivery.com, which states: "Kurapia Delivery – An innovative groundcover delivered straight to your doorstep." Id. ¶ 19, Ex. 2.

1    In December 2021, Kurapia sent a cease-and-desist letter addressed to Bravos to the physical address listed on Defendants' California resale license. Id. ¶ 20, Ex. 3. A Sod and Seed employee (not Bravos) responded asking Kurapia to use a different address, which Kurapia alleges to be Bravos's home address. Id. ¶ 21, Ex. 5. Despite Kurapia's letter, Defendants continued to operate its website and social media pages until January 2022, when they took down www.KurapiaDelivery.com and paused (but did not remove) their social media pages. Id. ¶¶ 22–23. Defendants resumed operation of www.KurapiaDelivery.com in August 2023 and again in April 2024. Id. ¶¶ 24–29.

Kurapia filed its Complaint alleging trademark infringement in August 2024. Id. at 13. Sod and Seed filed its answer on December 3, 2024, and Bravos filed the instant motion to dismiss the same day. Answer (dkt. 29); Mot. (dkt. 28).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must "accept [] plaintiffs' allegations as true and construe them in the light most favorable to [] plaintiffs," but it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Bravos moves to dismiss on the grounds that Kurapia failed to allege that he personally engaged in any conduct that violated the trademark laws. Mot. at 3. Kurapia responds that Bravos can be held liable because he personally directed, authorized, or participated in infringement, or in the alternative because he is an alter ego of Sod and Seed. Opp. (dkt. 30) at 3. Neither of Kurapia's arguments is sound, however.

**Personal Involvement.** As support for its first argument, that Bravos cannot use the corporate form of Sod and Seed as a shield against personal liability, Kurapia cites the uncontroversial legal principle that "corporate officers are personally liable for their torts even if the torts were committed on behalf of the corporation." Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (per curiam); see Opp. at 4 (collecting cases). That is true as far as it goes. But it is equally uncontroversial that a corporate officer's "mere 'status as an officer of a corporation that has allegedly [] infringed … without more, is not a basis for liability." OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc., No. 14-cv-85-LRS, 2014 WL 11514767, at *3 (E.D. Wash. Aug. 1, 2014) (citation omitted).

Thus, Kurapia's argument begs the question whether Bravos personally engaged in infringing conduct in the first instance. It is here that Kurapia's Complaint falls short. Kurapia asserts in its opposition brief that "Bravos clearly had knowledge of the trademark infringement and control over the trademark infringing activities as Chief Executive Officer and sole director of Sod and Seed, Inc." Opp. at 5. But Kurapia points to no nonspeculative factual basis in its Complaint for this conclusory remark.[1] Rather, Kurapia's argument appears to be that because Bravos is Sod and Seed's CEO, he must have knowledge and control sufficient to establish personal liability. That is exactly the kind of assumption that is insufficient to pierce the corporate veil and impose personal liability. Kurapia has thus failed to allege that Bravos is personally liable for trademark infringement based on his own conduct.

**Alter Ego Liability.** Kurapia argues in the alternative that the Court should "pierce the corporate veil" and hold Bravos liable for Sod and Seed's conduct on a theory of alter ego liability. Opp. at 5, 7–9. Courts within the Ninth Circuit traditionally look to three

---

[1] Kurapia attaches to its opposition two emails from a Sod and Seed employee, but these are not properly before the Court on the motion to dismiss. See Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (courts may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice" (emphasis added)). Even if the Court considered these emails, though, they establish only that Sod and Seed could control the infringing activity—not that Bravos was personally involved. See Opp. Ex. A (email from other employee suggesting that an undefined "we" can control www.KurapiaDelivery.com).

3

1  factors to determine whether to hold a corporate officer liable for actions of the
2  corporation: (1) whether "there is such a unity of interest and ownership between the
3  corporation and the shareholder that the two no longer exist as separate entities,"
4  (2) whether a "failure to disregard the corporation would result in fraud or injustice," and
5  (3) whether "either the incorporators of the corporation formed the corporation with
6  fraudulent intent or the corporate form was fraudulently misused following incorporation,
7  or both." OTR Wheel Engineering, 2014 WL 11514767, at *1 (citations omitted).

8       Kurapia's allegations are too speculative to support alter ego liability. Kurapia
9  primarily relies on the fact that Sod and Seed's corporate status was suspended from
10 November 2021 to September 2024—a month after Kurapia filed its Complaint. Opp. at
11 7–9. This, Kurapia argues, shows that Bravos fraudulently misused the corporate form of
12 Sod and Seed as a liability shield even though he actually operated Sod and Seed as a sole
13 proprietor, so it would be appropriate not to impose personal liability on Bravos for his
14 conduct. To be sure, "a corporation's failure to pay its franchise tax may be evidence that
15 the shareholders do not view the corporation as having a separate existence and that the
16 corporation should possibly be regarded as the alter ego of its shareholders." United States
17 v. Std. Beauty Supply Stores, Inc., 561 F.2d 774, 777 (9th Cir. 1977). But "it is of
18 doubtful, if any, relevance to" the question whether failure to disregard the corporate form
19 would result in fraud or injustice. Id. Thus, if Kurapia wants to hold Bravos personally
20 liable for Sod and Seed's conduct, it must allege a factual basis for its assertion that fraud
21 or injustice will result from failure to disregard the corporate form. See id. (requiring both
22 unity of interest and resulting fraud or injustice before permitting alter ego liability).

### IV. CONCLUSION

For these reasons, the Court **GRANTS** Bravos's motion to dismiss. Kurapia has 30 days from the entry of this order to file an amended complaint against Bravos, if any.

**IT IS SO ORDERED.**

Dated: January 6, 2025



CHARLES R. BREYER
United States District Judge

4